**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAN LENORD,** **Case No.:**

**Plaintiff,**

**v.**

**FLORIDA PAINTS &**
**COATINGS, LLC,**

**Defendant.**
____________________________________/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, DAN LENORD (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint & Demand for Jury Trial against Defendant FLORIDA PAINTS & COATINGS, LLC, (hereinafter referred as "FP&C" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, *et seq*., and in support of states as follows:

**NATURE OF CASE**

The FMLA is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by failing to comply with notice requirements and provide Plaintiff with appropriate FMLA notice, either oral or in writing, from the date Defendant acquired knowledge of Plaintiff's FMLA-qualifying leave. Additionally, Defendant retaliated against Plaintiff by terminating his employment instead of allowing him time off allowing him necessary medical

leave. The ADA makes it unlawful to discriminate in employment against a qualified individual with a disability and Defendant violated the ADA by failing to accommodate Plaintiff and terminating him because of his medical condition.

## PARTIES

1. Plaintiff is a resident of Orange County, Florida.

2. FP&C is a paint and coating supplier in Orlando, Florida.

## JURISDICTION

3. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

4. Plaintiff worked for FP&C in Orange County, Florida.

5. FP&C conducts business in Orange County, Florida.

6. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff worked for FP&C from approximately January 2013 thru September 2018.

8. Plaintiff started his employment as a Machine and Stack Operator.

9. Plaintiff was eventually promoted to Route Driver.

10. Plaintiff worked over 1,250 hours per year for FP&C throughout his employment.

11. Plaintiff worked over 1,250 hours for FP&C during the year immediately preceding September 2018.

12. FP&C employees more than 50 employees.

13. On or around August 9, 2018, while employed with FP&C, Plaintiff experienced extremely high blood pressure.

14. On or about August 10, 2018, Plaintiff left work so that he could seek medical care for his high blood pressure.

15. Plaintiff notified FP&C of his condition.

16. Upon medical advice from Dr. Sarah Bender, Plaintiff informed his supervisor, Patricia Harrison, that he needed time off due to his high blood pressure.

17. Plaintiff also informed Ms. Harrison that he was suffering from severe arthritis in his hands which created some limitations with lifting, standing, and walking.

18. Plaintiff provided Defendant with doctor's instructions related to his medical conditions and restrictions.

19. Plaintiff provided Defendant with doctor's instructions related to his medical conditions and the related need for time off.

20. Ms. Harrison would not accept Dr. Bender's instructions.

21. Instead, Ms. Harrison forced Plaintiff to call in every day to advise her of his medical symptoms.

22. In fact, Ms. Harrison repeatedly called Mr. Lenord to inquire about his health condition.

23. Plaintiff asked for an accommodation of time off.

24. FP&C did not engage in the interactive process to determine what, if any, accommodation could be given.

25. FP&C refused to accommodate Plaintiff.

26. Plaintiff was terminated on or about September 5, 2018.

27. Defendant terminated Plaintiff only weeks after he requested leave.

28. Defendant terminated Plaintiff only weeks after he requested an accommodation for his medical conditions.

29. Plaintiff's condition made him unable to perform the functions of his job without an accommodation.

30. Plaintiff's condition rendered him an eligible employee under FMLA.

31. Plaintiff's condition rendered him disabled under the ADA.

32. Defendant did not give Plaintiff any notice that he was eligible for FMLA benefits.

33. FP&C's actions interfered with Plaintiff's rights under the FMLA.

34. FP&C's actions were in retaliation for Plaintiff attempting to exercise his FMLA rights.

35. FP&C's actions were in violation of the ADA.

**COUNT I – INTERFERENCE UNDER THE FMLA**

36. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 35 above as if fully set forth herein.

37. Plaintiff showed that he was an eligible employee to receive FMLA benefits.

38. Defendant was an eligible employer as defined under the FMLA during the time period at issue.

39. Plaintiff was entitled to leave under the FMLA.

40. Plaintiff gave the employer notice of his intention to take leave.

41. Defendant denied the employee FMLA benefits to which he was entitled by not providing him with FMLA forms or giving him notice of the FMLA rights.

42. FP&C was well aware of the facts regarding Plaintiff's condition and the reason for his need for leave.

43. As a direct, natural, proximate and foreseeable result of the actions of FP&C, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

44. Plaintiff has no plain, adequate or complete remedy at law for the actions of FP&C, which have caused and continue to cause irreparable harm.

45. FP&C's violations of the FMLA were willful.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against FP&C for violation of the anti-interference provisions of the FMLA;

b. judgment in his favor and against FP&C for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of FP&C' conduct;

c. judgment in his favor and against FP&C for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against FP&C for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that FP&C's practices toward Plaintiff violate his rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT II - RETALIATION UNDER THE FMLA**

46. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 35 above as if fully set forth herein.

47. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

48. FP&C was Plaintiff's employer as defined by the FMLA.

49. FP&C discriminated and/or retaliated against Plaintiff because FP&C knew he was eligible for leave under the FMLA.

50. FP&C discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

51. FP&C had actual or constructive knowledge of the discriminatory/retaliatory conduct against Plaintiff.

52. FP&C's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

53. FP&C's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

54. FP&C's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

55. As a direct, natural, proximate and foreseeable result of the actions of FP&C, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

56. Plaintiff has no plain, adequate or complete remedy at law for the actions of FP&C, which have caused and continue to cause irreparable harm.

57. FP&C's violations of the FMLA were willful.

58. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against FP&C for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in his favor and against FP&C for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of FP&C' conduct;

c. judgment in his favor and against FP&C for her reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against FP&C for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that FP&C's practices toward Plaintiff violate his rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT III – FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

59. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 35 above as if fully set forth herein.

60. Plaintiff was disabled due to medical conditions diagnosed by his doctor.

61. At all material times, Plaintiff was qualified to perform his job duties.

62. Plaintiff asked for an accommodation of time off.

63. Defendant did not engage in the interactive process to determine, what, if any accommodation would be implemented.

64. Defendant refused to accommodate Plaintiff.

65. Plaintiff suffered an adverse employment action when Defendant terminated him.

66. The discrimination to which Plaintiff was subjected was based on his disability and need for an accommodation.

67. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the ADA because it discriminated against Plaintiff by way of failing to provide reasonable accommodation.

68. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

69. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle his to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

72. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against FP&C for violation ADA;

b. judgment in his favor and against FP&C for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of FP&C' conduct;

c. judgment in his favor and against FP&C for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against FP&C for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that FP&C's practices toward Plaintiff violate his rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT IV – DISABILITY DISCRIMINATOION IN VIOLATION OF THE ADA**

73. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 35 above as if fully set forth herein.

74. Plaintiff was disabled due to medical conditions diagnosed by his doctor.

75. At all material times, Plaintiff was qualified to perform his job duties.

76. Plaintiff asked for an accommodation of time off.

77. Defendant did not engage in the interactive process to determine, what, if any accommodation would be implemented.

78. Defendant refused to accommodate Plaintiff.

79. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the ADA because it treated Plaintiff less favorably once it learned of his disability and need for an accommodation.

80. Plaintiff suffered an adverse employment action when Defendant terminated him.

81. The discrimination to which Plaintiff was subjected was based on his disability and need for an accommodation.

82. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

83. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle his to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

86. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

g. judgment in his favor and against FP&C for violation ADA;

h. judgment in his favor and against FP&C for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of FP&C' conduct;

i. judgment in his favor and against FP&C for his reasonable attorneys' fees and litigation expenses;

j. judgment in his favor and against FP&C for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

k. declaratory judgment that FP&C's practices toward Plaintiff violate his rights under the FMLA; and

l. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this _26th__ day of November, 2019.

Respectfully submitted,

_*s/* Louis Montone ____________________
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
Louis Montone, Esq.
Fla. Bar. No.: 0112096
The Leach Firm, P.A.
1950 Lee Road, Suite 213
Winter Park, Florida 32789
Direct: (407) 574-4999
Facsimile: (833) 423-5864
E-mail: cleach@theleachfirm.com
E-mail: lmontone@theleachfirm.com
***Attorneys for Plaintiff***